IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY JOSEPH WILSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Mailroom Officer JULIE ABRAM, *et al.*, | : | NO. 5:10-CV-312 (MTT) |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **DANNY JOSEPH WILSON**, currently an inmate at Dooly State Prison ("DSP") filed this *pro se* 42 U.S.C. § 1983 lawsuit relating to events that occurred while plaintiff was confined at Rivers State Prison ("RSP"). In compliance with this Court's prior order, plaintiff has supplemented his complaint. Plaintiff has previously been permitted to proceed *in forma pauperis*. However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee, as discussed below in this order and recommendation.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include

"enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff names as defendants the following RSP employees (collectively, the "RSP defendants"): Warden Tony Henderson; Deputy Warden Sharon Shavers; and Mailroom Officers Julia Abrams and Dorothy Gibbs. He also names as defendants the following Superior Court of Baldwin County Clerk's Office employees (collectively, the "Clerk's Office defendants"): Clerk Rosemary Fordham Phillips, Deputy Clerk Kathy Cowart, and Jaimie Blackwell.

Plaintiff alleges that while he was confined at RSP, Abrams and Gibbs "deliberately refused to open the mailroom for plaintiff after the 8 a.m. count" on Monday, June 30, 2008. Plaintiff complains that these defendants "knew or should have know that Tuesday, July 1, 2008, was a known [Georgia] statutory final filing deadline for habeas corpus petitioners whose convictions became final as of July 1, 2004." Plaintiff believes these defendants were put on notice "through internal memoranda." Plaintiff further complains that as "supervisors and policymakers," Henderson and Shavers "instituted or allowed" the closing.

As a result, plaintiff had to wait until July 1, 2008, to mail to the Superior Court of Baldwin County his habeas petitions challenging his 1979 and 1995 convictions.[1] According to plaintiff, the Clerk's Office defendants filed his habeas petition challenging his 1979 conviction, but "deliberately refused" to file his petition challenging the 1995 conviction. Plaintiff states that he discovered this oversight when apparently only one habeas petition was transferred from Superior Court of Baldwin County to the Superior Court of Dooly County.

Following the transfer, Judge T. Christopher Hughes had a hearing on March 17, 2009, on both petitions. In orders dated June 24 and 29, 2009, Judge Hughes held that both petitions were

---

[1] Plaintiff fails to explain why he waited until the eve of the deadline in 2008 to attempt to mail his habeas petitions challenging his 1979 and 1995 convictions.

untimely because they were received by the Clerk's Office after July 1, 2008. *See* Plaintiff's Exhibits G and H at Tab # 1-2.

In the instant section 1983 action, plaintiff seeks damages from the RSP and Clerk's Office defendants for the alleged denial of plaintiff's right of access to the courts.

## III. DISCUSSION

### A. Dismissed Defendants

#### 1. Clerk's Office Defendants

Clerks of Court and their subordinates generally do not enjoy absolute immunity from liability for damages. **Scott v. Dixon**, 720 F.2d 1542, 1546-47 (11th Cir. 1983). To state a valid claim of denial of access to the courts against the Clerk's Office defendants, plaintiff must allege "actual injury regarding prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." **Wilson v. Blankenship**, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998); *see also **Lewis v. Casey***, 518 U.S. 343, 355, 369 (1996).

Plaintiff cannot show actual injury in this case because there is none. Whether or not the Clerk's Office defendants formally docketed and transferred plaintiff's petition challenging his 1995 conviction, Judge Hughes heard both of plaintiff's habeas petitions.

Accordingly, plaintiff has failed to state a claim against the Clerk's Office defendants and it is **RECOMMENDED** that they be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### *2. Warden Tony Henderson and Deputy Warden Sharon Shavers*

Supervisors are not responsible for the actions of subordinates under section 1983. Instead, a supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff labels Henderson and Shavers as "supervisors and policymakers." Plaintiff alleges no facts whatsoever to support the conclusion that Henderson and Shavers had a policy or a custom that resulted in a deprivation of plaintiff's rights, or participated in or had knowledge of any such deprivation. Accordingly, Henderson and Shavers are not liable as supervisors. Therefore, it is **RECOMMENDED** that Warden Tony Henderson and Deputy Warden Sharon Shavers be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Remaining Defendants

The length of the statute of limitations for filing a section 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date the claim accrues and the statute of limitations begins to run. *Rozar v. Mullis*, 85 F.3d 556, 561

(11th Cir. 1996). Under section 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he is or should be aware who injured him. *Id*. at 562; *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987).

Even though plaintiff states multiple times in his complaint that the mailroom was closed on "the known eve of a statutory final filing deadline," and he dated his complaint June 28, 2010, plaintiff insists he did not discover his injury until his March 17, 2009 habeas hearing.

It is not entirely clear when plaintiff's claim against Officers Julie Abrams and Dorothy Gibbs accrued and therefore whether the statute of limitations bars plaintiff's claim against Abrahms and Gibbs. Considering plaintiff's allegations liberally in favor of him, the Court will therefore allow plaintiff's lawsuit against Abrams and Gibbs to proceed. Defendants Abrams and Gibbs can raise the statute of limitations in their answer or other responsive pleading.

Accordingly, it is hereby **ORDERED** that service be made against Officers Julie Abrams and Dorothy Gibbs, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff,

a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full;

plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED**, this 1st day of November, 2010.

s/ Charles H. Weigle
CHARLES H. WEIGLE
UNITED STATES MAGISTRATE JUDGE