# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Danny Joseph WILSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-312 (MTT) |
| Julia ABRAMS, *et. al*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Reconsideration of the Order Dismissing Defendants Clerk Rosemary Fordham Phillips, Deputy Clerk Kathy Cowart, Jaimie Blackwell, Warden Tony Henderson, and Deputy Warden Sharon Shavers (Doc. 18). The Court received an Objection to the Report and Recommendation of United States Magistrate Judge Charles H. Weigle December 8, 2010 (Doc. 17). The envelope does not contain the date the Objection was sent, but the Court will consider the Objection timely filed because the document is stamped December 2, 2010. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Plaintiff's Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge. The Court clarifies that the Plaintiff has no claim against the Baldwin County Clerk's Office employees because he did not mail the habeas corpus petitions challenging his 1979 and 1995 convictions until July 1, 2008, which was the deadline for the filing. The petitions were received by the Baldwin County Superior

Court July 2, 2008. Georgia state courts do not have a "prisoner mailbox rule" and filings must be *received* by the deadline. Because the Clerk's Office employees could not have filed the petitions on or before July 1, 2008, the Plaintiff fails to state a claim against Phillips, Cowart, and Blackwell.

The Clerk's Office could have received the petitions July 1, 2008 if they were mailed before that date. The Complaint alleges that Defendants Julia Abrams and Dorothy Gibbs, the River State Prison mailroom employees, prevented the Plaintiff from timely mailing his petitions on June 30, 2008 and the Magistrate Judge properly retained them as Defendants.

The Complaint does not provide facts suggesting that Defendants Henderson and Shavers had a policy or a custom that deprived the Plaintiff of constitutional rights, directed subordinates to act unlawfully, or knew subordinates acted unlawfully and failed to stop them, and therefore, the Plaintiff fails to state a claim against Henderson and Shavers.

The claims against the Defendants Phillips, Cowart, Blackwell, Henderson, and Shavers are **DISMISSED**. The claims against Defendants Abrams and Gibbs shall remain pending.

The Objection does not mention the Order Denying the Plaintiff's Motion for Access to a Photocopying Machine (Doc. 19). To the extent the Plaintiff objects to this Order, the Motion for Access to a Photocopying Machine is **DENIED**.

**SO ORDERED**, this the 13th day of December, 2010.

                                        <u>S/ Marc T. Treadwell</u>
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT