# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **DANNY JOSEPH WILSON,** | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-312 (MTT) |
| VS. | : | |
| | : | |
| **JULIA ABRAMS,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Julia Abrams and Dorothy Gibbs alleging that Plaintiff Danny Joseph Wilson failed to exhaust his available administrative remedies prior to filing the instant action. Doc. 23. Because Plaintiff's only attempt to seek an administrative remedy did not occur until long after the time for doing so had expired, it is **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED** and that this action **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 essentially alleging that the Defendants violated his fundamental constitutional right of access to the courts. Doc. 1. On review of Defendants' Motion to Dismiss, all well-pleaded facts set forth in the Complaint are accepted as true. Plaintiff's pertinent factual allegations of the are set forth below.

Plaintiff alleges that on June 30, 2008, the Defendants refused to open the prison's mailroom to allow him to mail state habeas corpus petitions challenging his 1979 and 1995 convictions. Id.

1

Plaintiff was unable to mail his petitions until the next day, July 1, 2008. Id. According to Plaintiff, the petitions were due on July 1, 2008, but were not received by the state habeas court until July 2, 2008. As such, they were dismissed as untimely.

On May 20, 2010, long after his state habeas petitions had been dismissed, Plaintiff filed an informal grievance concerning the incident. On May 28, 2010, Plaintiff's grievance was denied as untimely. On August 26, 2010, Plaintiff filed the instant action. After waiving service (Doc. 22 and Doc. 29), Defendants moved for dismissal on the ground that Plaintiff failed to properly exhaust his available administrative remedies prior to filing the instant action.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of his available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the

second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id.

This case must be resolved at the second stage of the Turner analysis. In their Motion to Dismiss, Defendants contend that Plaintiff failed to properly exhaust his available administrative remedies. In support, in addition to other relevant documents and records, Defendants submitted a copy of the Georgia Department of Corrections Statewide Grievance Procedure. Doc. 23. Among the mandates set forth in this procedure is a requirement that informal grievances "be filed no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance." Georgia Department of Corrections Statewide Grievance Procedure VI(B)(5). In view of this requirement, after alleging that Plaintiff was aware of those facts needed to give rise to a grievance on the date of the incident, Defendants note that Plaintiff's informal grievance concerning the incident was not filed until May 20, 2010, long after the ten day period had passed.

Plaintiff does not dispute that he failed to file a grievance concerning the instant claim until May 20, 2010. However, Plaintiff explains that he was unaware he had been injured by the June 30, 2008 mailroom closure incident until March 17, 2009, the date he received a hand delivered copy of the Georgia Attorney General's Motion to Dismiss his state habeas corpus petitions as untimely.

After review, and even though Plaintiff's ability to pursue state habeas court relief was not officially precluded until his petitions were formally dismissed, his assertions about the date upon which he learned those facts needed to file an informal grievance concerning the Defendants' conduct are unavailing. Based on the assertions set out in his own pleadings, on June 30, 2008, Plaintiff was well aware of the July 1, 2008 deadline. Moreover, as shown by the allegation that he

repeatedly knocked on the mailroom door and made verbal requests to be let in, Plaintiff was also aware that his petitions had to be mailed at least one day before July 1, 2008, in order to have any chance of being delivered to the court on time. Consequently, by no later than the end of the day on June 30, 2008, Plaintiff either knew or, at the very least, should have known all of the facts needed to properly file an informal grievance concerning the incident. Based on this conclusion, and in view of the fact that Plaintiff filed no such grievance until long after the ten calendar day period for doing so had expired, it is apparent that he failed to properly exhaust his administrative remedies prior to initiating this action.

Accordingly, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 8th day of June, 2011.

                                                   s/ Charles H. Weigle
                                                   Charles H. Weigle
                                                   United States Magistrate Judge